Lotta v. University of Rochester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand fourteen.

PRESENT:
> **DENNIS JACOBS,**
> **ROSEMARY S. POOLER,**
> *Circuit Judges*,
> **CHRISTINA REISS,**
> *District Judge.*[*]

---

Joseph Lotta,
> *Plaintiff-Appellant*,

> v.                                                  No. 13-2198

University of Rochester,
> *Defendant-Appellee*.

---

**FOR PLAINTIFF-APPELLANT:**          Joseph Lotta, *pro se*, Rochester, NY.

**FOR DEFENDANT-APPELLEE:**          Stephen J. Jones, Joseph A. Carello, Nixon
                                                          Peabody LLP, Rochester, NY.

---

[*]Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Joseph Lotta brought an action against his employer, the University of Rochester (the "University"), for retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301-4335 ("USERRA") and the New York State Human Rights Law, N.Y. Exec. Law §§ 290-301 ("NYSHRL"). Lotta, a gay man who served in the military, alleged that he complained to the University after a co-worker made offensive comments about gays in the military. He did not allege that either the University or the co-worker knew about his sexual orientation or his military service, and he did not allege that he had complained to the University of discrimination or discriminatory harassment on either of these bases (although he alleges that his supervisor knew of the offensive comments). According to the complaint, the co-worker stopped harassing Lotta, but Lotta still sought a transfer to another department to avoid the co-worker. Lotta alleges that, ultimately, he transferred himself to a lower paying position. The district court dismissed Lotta's complaint on the ground that he did not allege that he either engaged in a protected activity or suffered an adverse employment action, and therefore failed to state a retaliation claim under either USERRA or the NYSHRL. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and

2

drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Upon such review, we find that the district court did not err in dismissing Lotta's complaint for substantially the reasons stated in its thorough and well-reasoned order. Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk